Allison V. Saunders (SBN 220010)
*asaunders@fordharrison.com*
Paul M. Suh (SBN 321028)
*psuh@fordharrison.com*
FORD & HARRISON LLP
350 South Grand Avenue, Suite 2300
Los Angeles, CA  90071
Telephone: 213-237-2400
Facsimile:  213-237-2401

Attorneys for Defendants
RHEEM SALES COMPANY, INC.;
RHEEM MANUFACTURING COMPANY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GOSZ,<br><br>Plaintiff,<br><br>v.<br><br>RHEEM SALES COMPANY, INC.;<br>RHEEM MANUFACTURING<br>COMPANY, and DOES 1 through<br>50, inclusive,<br><br>Defendants. | CASE NO.<br><br>**NOTICE OF REMOVAL OF ACTION BY DEFENDANTS RHEEM SALES COMPANY, INC. AND RHEEM MANUFACTURING COMPANY PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446**<br><br>Action Filed:      November 10, 2021<br>Date of Removal:  January 14, 2022 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendants Rheem Sales Company, Inc. ("Rheem Sales") and Rheem Manufacturing Compan*y* ("Rheem Manufacturing") (collectively, "Defendants") file this notice of removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

## I.    INTRODUCTION

1.    Plaintiff MICHAEL GOSZ ("Plaintiff") filed a complaint on November 10, 2021, in the Superior Court of California, County of Orange, titled

WSACTIVELLP:12818907.2

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF REMOVAL OF ACTION BY
DEFENDANTS RHEEM SALES COMPANY, INC. &
RHEEM MANUFACTURING COMPANY

"*Michael Gosz v. Rheem Sales Company, Inc.; Rheem Manufacturing Company & Does 1-50*," Case No. 30-2021-01231132-CU-OE-CJC (the "State Court Action"). (Declaration of Paul M. Suh ("Suh Decl.") ¶¶ 4-5, Ex. A.)

2.     Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the entire file of record in the State Court Action, including all process and pleadings, and orders served upon Defendants in this action, is attached to the Suh Decl. as **Exhibit A**.  (Suh Decl. ¶ 5, Ex. A.)

3.     On January 13, 2021, Defendants filed an Answer to the State Court Action.  (Suh Decl. ¶ 6, Ex. B.)

4.     Pursuant to 28 U.S.C. §1446(d), Exhibits A and B constitute all process, pleadings and orders served on or received by Defendants and/or filed in the State Court Action.  To Defendants' knowledge, no further process, pleadings, or orders related to this case have been filed in the Superior Court of California, County of Orange, or served by any party.  (Suh Decl. ¶ 7.)

## II.     NATURE OF THE SUIT

5.     The Complaint filed in the State Court Action alleges the following causes of action: (1) Harassment in violation of the California Fair Employment and Housing Act ("FEHA"); (2) Discrimination in violation of the FEHA; (3) Retaliation in violation of the FEHA; (4) Failure To Prevent Discrimination in violation of the FEHA; (5) California Family Rights Act ("CFRA") Retaliation; (6) Breach of Contract; (7) Failure to Pay Wages; and (8) Wrongful Termination.

## III.     BASIS FOR REMOVAL: DIVERSITY

6.     A federal court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states."  (28 U.S.C. §1332(a)).

7.     "[A]ny civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." (28 U.S.C. §1441(a)).

8.    Therefore, a state court action may be removed if: (1) the action is between citizens of different states, and (2) the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.  Each of these requirements are met in this case.

## A.    Complete Diversity of Citizenship

9.    <u>Citizenship of Plaintiff</u>.  Plaintiff is a California resident.  (Compl. ¶ 2.) "The place where a man lives is properly taken to be his domicile until facts adduced establish the contrary." (*Dist. of Columbia v. Murphy*, 314 U.S. 441, 455 (1941)).  In the instant case, no facts have been adduced to rebut the presumption that Plaintiff is domiciled in California.  Therefore, Plaintiff is a citizen of the State of California for diversity purposes.

10.    <u>Citizenship of Defendants</u>. "[A] corporation shall be deemed to be a citizen of any State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  (28 U.S.C. § 1332(c)(1)).

11.    Defendants are incorporated under the laws of the State of Delaware. (Suh Decl. ¶¶ 8-9, Ex. C & E; Compl. ¶ 7.)  Defendants' principal places of business are in Georgia.  (Suh Decl. ¶¶ 8-9, Ex. D & F.)  Accordingly, Defendants are citizens of Delaware and Georgia for diversity purposes.

12.    The supposed defendants named as "DOES 1 through 50" are sued under fictitious names whose alleged citizenship is to be disregarded.  28 U.S.C. § 1441(b)(1).

13.    Because Plaintiff is a citizen of California and Defendants are citizens of Delaware and Georgia, complete diversity exists between the parties.

## B.    Amount in Controversy Exceeds $75,000

14.    A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required only when the plaintiff contests, or the

Ford & Harrison
LLP
Attorneys At Law
Los Angeles

WSACTIVELLP:12818907.2                     - 3 -

NOTICE OF REMOVAL OF ACTION BY DEFENDANTS

court questions, the defendant's allegation.  (*Dart Cherokee Basin Operating Co., LLC v. Owens*¸ S. Ct. 547, 554 (2014); *see also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996)).  As noted in *Dart Cherokee*: "'[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met.  Rather, defendants may simply allege or assert that the jurisdictional threshold has been met.  Discovery may be taken with regard to that question.  In case of a dispute, the district court must make findings of jurisdictional fact to which the preponderance standard applies.'" (*Id.* [quoting House Judiciary Committee Report on the Federal Courts Jurisdiction and Venue Clarification Act of 2011, H.R. Rep. No. 112-10, p. 16 (2011)]).[1]

15.    Here, the Court can reasonably ascertain from Plaintiff's complaint and his prayer for relief that the amount in controversy exceeds $75,000.  The assertions of Defendants herein are limited to their preliminary understanding of Plaintiff's claims and data currently available to Defendant.  "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." (*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)).  "When a '[d]efendant's calculations (are) relatively conservative, made in good faith, and based on evidence whenever possible,' the court may find that the '[d]efendant has established by a preponderance of the evidence that the amount in controversy is met.'" (*Cagle v. C&S Wholesale Grocers, Inc.*, __ F.R.D. ___, 2014 WL 651923, *7 (E.D. Cal. Feb. 19, 2014) (quoting *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (citations omitted)).  Nor do Defendants need to provide summary judgment-type evidence. (*Cagle*, 2014 WL 651923, *7).

---

[1]    The Supreme Court went on to say that "[o]f course, a dispute about a defendant's jurisdictional allegations cannot arise until *after* the defendant files a notice of removal containing those allegations." *Dart Cherokee*¸ 135 S. Ct. at 554.

16.     While Defendants deny any liability to Plaintiff whatsoever[2], Defendants assert, based on the allegations in the Complaint and Plaintiff's prayer for relief, that the amount in controversy exceeds $75,000.

17.     Plaintiff began working as a District Sales Manager on or around March 15, 2016. (Compl. ¶ 15.)  Plaintiff alleges he felt targeted and harassed by his age, and that on October 2019, he filed a formal complaint regarding age discrimination and age harassment.  (Compl. ¶ 9.)   Plaintiff claims that on December 5, 2019, Plaintiff underwent open heart surgery and was placed on leave from November 21, 2019 to February 4, 2020. (Compl. ¶ 10.)  Plaintiff alleges that in 2020, he was qualified to receive a bonus for approximately $60,000 commissions but was never paid for them. (Compl. ¶¶ 11, 62.)  Plaintiff alleges he was terminated on October 7, 2020. (Compl. ¶ 11.)  Plaintiff also claims that he is entitled to waiting time penalties pursuant to Cal. Lab. Code § 203, which provides that former employees may recover up to 30 days' wages if an employer willfully fails to pay all wages owing at the time of termination. (Compl. ¶ 68.)  Plaintiff's claim for waiting time penalties is estimated to be at least **$16,692.90** (($87,011.84 base salary + $60,000.00 alleged earned commissions) / 52 weeks / 5 days per week x 30 days).

18.     By this lawsuit, Plaintiff seeks general and special damages (back pay, front pay, and emotional distress), punitive damages, attorneys' fees and costs, injunctive relief and such other relief as the court finds proper. (Compl. at Prayer for Relief, p. 10:1-6 as to the First, Second, Third, Fourth, and Fifth Causes of Action; p. 11:4 as to the Seventh Cause of Action; p. 11:1 as to the Sixth Cause of Action; and p. 11:1-3 as to the Eighth Cause of Action.)

---

[2] Defendants in no way concede that Plaintiff is owed lost wages or any damages at all.  Further, Defendants do not waive any argument related to Plaintiff's obligation or failure to mitigate lost wages

19.     Plaintiff's annual pay was approximately $87,011.84 per year at the time of his termination. Plaintiff's back wages claim for the 67-week period between the date of his termination and the date of removal is more than $112,111. Moreover, in establishing that the amount in controversy likely exceeds the jurisdictional minimum, a defendant is permitted to calculate the likely back pay award from the date of the termination until the date of likely judgment.  (*See Garcia v. ACE Cash Express, Inc.*, 2014 U.S. Dist. LEXIS 76351, *11 (C.D. Cal. May 30, 2014) (it was proper for the defendant to calculate back pay at issue by calculating wages in "months between termination and removal…and adding wages for the estimated time between removal and trial"); *James v. Childtime Childcare, Inc.*, 2007 U.S. Dist. LEXIS 43753, *4, n. 1 (E.D. Cal. May 31, 2007) [plaintiff "erroneously assumes that the court includes only those wages lost before removal when calculating the amount in controversy. The court evaluates the amount in controversy at the time of removal, but it may consider both past and future lost wages."]; *see also Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) [affirming proposition that damages claimed at the time of removal may be calculated through the date of judgment]).

20.     Plaintiff also seeks to recover future wages.  (*Huck v. Kone, Inc.*, No. C 10-1845 RS, 2011 WL 31108 at *4 (N.D. Cal. Jan. 5, 2011) [holding that plaintiff could potentially recover 13 years' of lost wages]).  Although Rheem denies such relief would be appropriate, even one year of front pay would equal approximately $87,011.84.

21.     Plaintiff also seeks to recover an unspecific amount of general damages for "emotional distress." (Compl. at ¶¶ 20, 28, 37, 45, 57, 71.)  *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (indicating that a plaintiff's claims for pain and suffering and humiliation may properly be factored into the jurisdictional analysis for purposes of removal); *see also Richmond v.*

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:12818907.2                                          - 6 -

NOTICE OF REMOVAL OF ACTION BY DEFENDANTS

*Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S. D. Cal. 1995) (noting that emotional distress damages, although vaguely pled, were potentially substantial).

22.    Plaintiff has not specifically provided an estimated value for emotional distress or non-economic damages.  The district court decision in *Rivera v. Costco Wholesale Corporation*, No. C 08-02202 CW, 2008 WL 2740399, *3-4 (N.D. Cal July 11, 2008) is instructive on this point.  There, a plaintiff filed a FEHA wrongful termination claim, but did not specify the amount sought for emotional distress.  In reviewing jury verdicts in employment discrimination cases, the Court found that emotional distress damages in such cases can be "substantial," noting emotional distress awards ranging from $122,000 to $200,000.  *Ibid.*  Indeed, jury verdicts in wrongful termination cases make clear that emotional distress awards are often substantial and frequently awarded in an amount at least twice the underlying economic damages, or, at the very least, in the same amount as economic damages. *See Escoto v. Metric Machining*, 2013 Cal. Super. LEXIS 18941, Case No. CIVRS-12-06532, Superior Court, San Bernardino County (Nov. 14, 2013) (verdict in wrongful termination, disability discrimination, failure to accommodate, failure to engage in interactive process, and age discrimination case for $55,000 in "pain and suffering," but only $12,000 in back pay); *Izaguirre v. International Coffee & Tea LLC*, 2013 WL 6624243, Case No. BC486877, Superior Court, Los Angeles County (Sept. 26, 2013) (verdict in wrongful termination, disability discrimination, failure to accommodate, failure to engage in interactive process, and retaliation case for $80,000 in "noneconomic damages," but only $40,000 in economic damages); *Cho v. B & B Pharmacy and Healthcare Center*, 2011 WL 8227178, Case No. VC055584, Superior Court, Los Angeles County (July 13, 2011) (verdict in wrongful termination, pregnancy discrimination, and harassment case for $75,000 in "noneconomic loss," but only $37,500 in economic damages); *Husein v. Selma Unified School District*, 2010 WL 8672016, Case No. 08CECG03528, Superior Court, Fresno County (Oct. 26, 2010) (verdict in wrongful termination and racial

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:12818907.2                              - 7 -

NOTICE OF REMOVAL OF ACTION BY DEFENDANTS

discrimination case for $110,000 in past and future "noneconomic damages," but about $70,000 in economic damages); *Anthony Lave v. Charter Communications, LLC,* 2017 Jury Verdicts LEXIS 887, Case No. RIC1508865, Superior court, Riverside County (May 19, 2017) (verdict in retaliation, wrongful termination, intentional infliction of emotional distress and discrimination case for $575,000 for emotional distress, and no award for back pay); *Kareemah Mateen-Dradford v. City of Compton et al.,* 2019 Jury Verdicts LEXIS 22932, Case No. TC026769, Superior Court, Los Angeles County (June 11, 2019) (verdict in retaliation, wrongful termination, and discrimination case for $655,000 for emotional distress, and no award for back pay).

23.     Plaintiff is also seeking to recover his attorneys' fees and costs pursuant to California Government Code § 12965(b), 29 U.S.C. § 2617(a)(3) and California Labor Code §§ 226.7 (Compl. at ¶¶ 22, 30, 39, 47, 59, and Prayer for Relief.)  It is well-settled that when authorized by statute, attorneys' fees are to be included in the calculation of the amount in controversy for purposes of determining whether the requisite jurisdictional minimum is met.  (*Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ["[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"]; *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1010-11 (N.D. Cal. 2002) [in deciding amount in controversy issue, a court may estimate the amount of reasonable attorneys' fees likely to be recovered by plaintiff if he were to prevail]). Further, while Plaintiff's attorneys' fees cannot be precisely calculated from the face of the Complaint, it is reasonable to assume that the amount of attorneys' fees Plaintiff could incur in the course of this matter may exceed a damages award. (*Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1035 (C.D. Cal. 2002)).

24.     Recent estimates for the number of hours expended through trial for single-plaintiff employment cases have ranged from 100 to 300 hours. (*Sasso v.*

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:12818907.2                             - 8 -

NOTICE OF REMOVAL OF ACTION BY DEFENDANTS

*Noble Utah Long Beach, LLC,* No. CV 14-09154-AB (AJWx), 2015 WL 898468, *12 (C.D. Cal. March 3, 2015) (citations omitted)).   As such, 100 hours is an appropriate and conservative estimate.  (*Ibid.*)

25.   The Court must take into account punitive damages for purposes of determining the amount in controversy where such damages are recoverable under state law.  (*Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Brady*, 43 F.Supp.2d at 1009).  California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code § 3294.  (*Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994)).  A punitive damages award may equal as much as four times the amount of the actual damages award.  (*State Farm Mutual Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003); *see also Simmons v. PCR Technology*, 209 F.Supp.2d 1029 (N.D. Cal. 2002) [citing jury verdicts in which the punitive damages awards ranged from $60,000 to $121,000,000]).

26.   Plaintiff also seeks open-ended relief as "such other relief and further relief that the [Court] considers proper." Although uncertain in amount, this additional damages claim only serves to increase the amount in controversy.  (*See Lewis v. Exxon Mobil Corp.*, 348 F.Supp.2d 932, 932-934 (W.D. Tenn. 2004) [the "open ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that her case met the amount in controversy requirement even though he pled in the complaint that he did not assert a claim in excess of $75,000].)

27.   Defendants deny that Plaintiff's claims have any merit.  Defendants also deny that Plaintiff suffered any damages.  However, when the relief sought (*i.e.*, back pay, front pay, unpaid wages, waiting time penalties, emotional distress, attorneys' fees, and punitive damages) is taken as a whole, the amount in controversy for Plaintiff's claims exceeds the $75,000 jurisdiction requirement, exclusive of interest and costs.

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:12818907.2                - 9 -

NOTICE OF REMOVAL OF ACTION BY DEFENDANTS

28.     Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a).

## IV.     THE NOTICE OF REMOVAL IS PROCEDURALLY CORRECT

29.     Pursuant to 28 U.S.C. § 1446(a), Defendants have attached to this notice and the declaration of Paul M. Suh, all pleadings, process, orders, and all other filings in the State Court Action.  (Suh Decl. ¶¶ 4-7, Exs. A and B.)

30.     Plaintiff served a copy of the Complaint and the Summons on Defendants' agent for service of process on December 16, 2021.  Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

31.     Defendants will promptly file and serve a Notice to Plaintiff and State Court of Removal of Civil Action to the Clerk of Superior Court of California, County of Orange.  (*See* Suh Decl. ¶ 10, Ex. G.)

32.     As required by 28 U.S.C. §1446(d), Defendants will give notice of this removal to Plaintiff.  (Suh Decl. ¶ 10, Ex. G.)

## V.     VENUE

33.     This action was brought and is pending before the Superior Court of California, County of Orange.

34.     Orange County, California is located within the Central District of California.

35.     Thus, venue is proper pursuant to 28 U.S.C. § 84(c)(2) because this is the "district and division embracing the place where [Plaintiff's] action is pending." (28 U.S.C. §1441(a), & 1446(a)).

/ / /

/ / /

/ / /

/ / /

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:12818907.2                                    - 10 -

NOTICE OF REMOVAL OF ACTION BY DEFENDANTS

## VI.    <u>CONCLUSION</u>

WHEREFORE, Defendants pray that the Court will remove this civil action from the Superior Court of the State of California, Orange County, to the United States District Court for the Central District of California.  By removing the action to this Court, Defendants do not waive any defenses, objections, or motions available to it under state or federal law.


Dated: January 14, 2022                    Respectfully submitted,


By:
                                         Allison V. Saunders
                                         Paul M. Suh

                                         Attorneys for Defendants, RHEEM SALES
                                         COMPANY, INC. and RHEEM
                                         MANUFACTURING COMPANY

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:12818907.2                           - 11 -

NOTICE OF REMOVAL OF ACTION BY DEFENDANTS

## **PROOF OF SERVICE**

I, Kathryn Bell-Taylor, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age 350 South Grand Avenue, Suite 2300, Los Angeles, California 90071. On January 14, 2022, I served a copy of the within document(s):

**NOTICE OF REMOVAL OF ACTION BY DEFENDANTS RHEEM SALES COMPANY, INC. AND RHEEM MANUFACTURING COMPANY PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446**

☐ ELECTRONICALLY:  I caused a true and correct copy thereof to be electronically filed using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System. I served those parties who are not registered participants of the ECF System as indicated below.

☒ by e-mail or electronic transmission.  Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed below.  My e-mail address is ktaylor@fordharrison.com.  I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ by placing the document(s) listed above in a sealed FedEx Overnight envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a FedEx agent for delivery.

Heather McMillan                    Attorneys for Plaintiff
Christopher Gavriliuc               Michael Gosz
Stevens & McMillan
335 Centennial Way
Tustin, CA 92780
Telephone: 714-730-1000
Facsimile:  714-730-1067
E-mail:      heather@scmclaw.com
             chris@scmclaw.com
             lena@scmclaw.com
             Calendar@scmclaw.com

WSACTIVELLP:12818907.2

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF REMOVAL OF ACTION BY
DEFENDANTS RHEEM SALES COMPANY, INC. &
RHEEM MANUFACTURING COMPANY

1
2

 I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

3

 Executed on January 14, 2022, at Los Angeles, California.

4
5

_____
 Kathryn Bell-Taylor

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF REMOVAL OF ACTION BY DEFENDANTS RHEEM SALES COMPANY, INC. & RHEEM MANUFACTURING COMPANY