Case 8:22-cv-00085-SPG-JDE   Document 1-2   Filed 01/14/22   Page 1 of 24   Page ID
Electronically Filed by Superior Court of California, County of Orange, 11/10/2021 05:16:47 PM.
30-2021-01231132-CU-OE-CJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By Katie Trent, Deputy Clerk.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
RHEEM SALES COMPANY, INC., RHEEM MANUFACTURING COMPANY,
and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MICHAEL GOSZ

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Orange County Superior Court<br>Central Justice Center, 700 Civic Center Drive West, Santa Ana, CA 92701 | CASE NUMBER: *(Número del Caso):*<br>30-2021-01231132-CU-OE-CJC<br><br>Judge Lon F. Hurwitz |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Daniel P. Stevens (SBN 164277), STEVENS & McMILLAN, 335 Centennial Way, Tustin, CA 92780 Tel: (714) 730-1000

| DATE:<br>*(Fecha)* 11/10/2021 DAVID H. YAMASAKI, Clerk of the Court | Clerk, by<br>*(Secretario)* Katie Trent | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

Katie Trent

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* RHEEM SALES COMPANY, INC.

   under: ☒ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)            ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | Page 1 of 1 |

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

Electronically Filed by Superior Court of California, County of Orange, 11/10/2021 05:16:47 PM.
30-2021-01231132-CU-OE-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Katie Trent, Deputy Clerk.

1   Heather McMillan (SBN 188939)
    *heather@scmclaw.com*
2   Daniel P. Stevens (SBN 164277)
    *ken@scmclaw.com*
3   STEVENS & McMILLAN
    335 Centennial Way
4   Tustin, CA 92780
    Tel.:   (714) 730-1000
5   Fax:    (714) 730-1067

6   Attorneys for Plaintiff
    MICHAEL GOSZ

7

8                 **IN THE SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

9                 **FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**

10  MICHAEL GOSZ,                        )   Case No.: 30-2021-01231132-CU-OE-CJC
                                         )
11              Plaintiff,               )
                                         )   COMPLAINT FOR DAMAGES
12  v.                                   )
                                         )   1.   Harassment
13  RHEEM   SALES   COMPANY,   INC.,     )   2.   Discrimination
    RHEEM MANUFACTURING COMPANY          )   3.   Retaliation
14  and DOES 1 through 50, inclusive,    )   4.   Failure to Prevent
                                         )        Discrimination
15              Defendants.              )   5.   Family Medical Leave Violation
                                         )   6.   Breach of Contract
16                                       )   7.   Unpaid Wages
    _____)   8.   Wrongful Termination
17                                           **Assigned for All Purposes**
18              Plaintiff alleges:           Judge Lon F. Hurwitz

19          1.      At all times mentioned in this complaint, Defendants RHEEM SALES COMPANY,

20  INC. and RHEEM MANUFACTURING COMPANY were each, respectively, a corporation, duly

21  licensed, and conducting business in the County of Orange, State of California.

22          2.      At all times mentioned in this complaint, Plaintiff MICHAEL GOSZ was a resident

23  of California. During the relevant time period, Plaintiff was employed by and then terminated by

24  Defendants.

25          3.      Plaintiff does not know the true names of Defendants DOES 1 through 50, inclusive,

26  and therefore sue them by those fictitious names.

27          4.      Plaintiff is informed and believes, and on the basis of that information and belief

28  alleges, that at all times mentioned in this complaint, defendants were the agents and employees of

                                              1
                                    **COMPLAINT FOR DAMAGES**

1    their co-defendants or otherwise responsible for the conduct complained of herein, and in doing the

2    things alleged in this complaint were acting within the course and scope of that agency and

3    employment or were otherwise responsible for the damages complained of by the Plaintiff.

## FACTUAL ALLEGATIONS

5        5.    Michael Gosz was hired on March 15, 2016 as a District Sales Manager.  During his

6    initial interview, Regional Sales Manager, Ben Whittington said. "I see when you graduated. I'm not

7    supposed to ask this, but how long are you going to continue to work?" Mr. Gosz was 59 at the time.

8        6.    Sometime shortly after he was hired, Mr. Whittington told Mr. Gosz that Mr. Gosz

9    was not his first choice for the District Manager role and that he only agreed to hire him because

10    Randy made him and that he actually had wanted to offer the job to Scott Arviso, who was much

11    younger.

12        7.    Mr. Whittington, who is approximately10 years younger than Mr. Gosz, repeatedly

13    made age related comments in reference to Mr. Gosz and his 70 year old counterpart, Roger Pessier.

14    He referred to Mr. Gosz as the "old man" and to both of them as "the old guys" These comments

15    were verbal and in text messages. On one occasion, on July 18, 2019, while at a business meeting

16    at the Marriott in Sandy Utah, Mr. Whittington told the server to bring "an old fashioned for the old

17    man." Mr. Gosz was embarrassed and offended by the comments.

18        8.    Mr. Whittington also repeatedly made inappropriate sexual comments and was

19    degrading to women, making Mr. Gosz and others feel very uncomfortable. For example he routinely

20    commented on female employees' breast size and stated, "Oh, what I could do with that!" in

21    reference to female employees or women who happened to be in the vicinity at the airport or a

22    restaurant for example.

23        9.    Mr. Gosz felt targeted and harassed by Mr. Whittington based on his age. In October

24    2019, he submitted a formal complaint to HR regarding age discrimination, age harassment and he

25    also reported the inappropriate gender based comments.

26        10.    Mr. Gosz was placed on a medical leave on November 21, 2019 and underwent open

27    heart surgery on December 5th, 2019. The company gave approval for the leave to be treated as a

28    medical leave under state and federal law. He returned to work without restrictions on February 4,

1 │ 2020.

2 │     11.    Mr. Gosz consistently excelled in sales, had been given awards and increased sales

3 │ year over year for and exceeded goals all four years of his employment. In fact, he was scheduled

4 │ to receive a bonus for around $60,000 for his sales in 2020. He was terminated on October 7, 2020,

5 │ without any reason given. Plaintiff was replaced by a younger employee.

6 │     12.    The plaintiff filed administrative complaints with the Department of Fair Housing and

7 │ Employment within the statutory time period and received Notices of Case Closure (Right-to-Sue

8 │ Letters) for each defendant named herein.

9 │ **FIRST CAUSE OF ACTION**

10 │ (Harassment - Gov't Code § 12940(j)(1))

11 │ (By Plaintiff Against All Defendants)

12 │     13.    Plaintiff hereby incorporates paragraphs 1 through 12, inclusive, as though fully set

13 │ forth at this point.

14 │     14.    This action is brought pursuant to the California Fair Employment and Practices Act,

15 │ section 12940(j)(1) of the Government Code, which prohibits harassment against a person on the

16 │ basis of the person's age, and the corresponding regulations of the California Fair Employment and

17 │ Housing Commission.

18 │     15.    At all times mentioned in this complaint, Defendant employers regularly employed

19 │ at least one employee bringing the Defendant employer within the provisions of section 12940 et seq.

20 │ of the Government Code prohibiting employers or their agents from harassing employees on the

21 │ basis of age.

22 │     16.    During Plaintiff's employment as alleged herein, defendants repeatedly engaged in

23 │ unwelcome behavior toward plaintiff that was derogatory on the basis of age and/or sex.

24 │     17.    As described above, plaintiff was subjected to repeated derogatory age related

25 │ comments, inter alia. All of this conduct constituted severe and pervasive harassment.

26 │     18.    Plaintiff alleges that the conduct as described in this complaint was unwelcome and

27 │ offensive to plaintiff and would have been offensive to any reasonable person in plaintiff's position.

28 │     19.    Plaintiff did not consent to such conduct.

3

**COMPLAINT FOR DAMAGES**

20.    As a direct and proximate result of the unlawful conduct as alleged in this Complaint, the Plaintiff has suffered extreme and severe anguish, humiliation, nervousness, anger, tension, anxiety and emotional distress.

21.    As a further direct and proximate result of the unlawful conduct described herein, the Plaintiff has suffered and continues to suffer loss of income, loss of earning capacity, loss of job opportunity and other losses.

22.    Because Plaintiff was harassed in violation of the law, plaintiff is entitled to recover attorneys' fees and costs in this action pursuant to California Government Code section 12965(b).

23.    Because the acts taken toward Plaintiff were carried out by Defendants acting in a deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and damage plaintiff, Plaintiff requests the assessment of punitive damages against Defendants in an amount appropriate to punish and make an example of Defendants.

## SECOND CAUSE OF ACTION

### (Discrimination-Gov't Code section 12940(a))

### (By Plaintiff Against All Defendants)

24.    Plaintiff hereby incorporates paragraphs 1 through 23, inclusive, as though fully set forth at this point.

25.    This action is brought pursuant to the California Fair Employment and Housing Act, section 12940(a) of the Government Code, which prohibits an employer from discharging, expelling or otherwise discriminating against any person because of the person's age.

26.    At all times mentioned in this complaint, Defendants regularly employed at least five employees bringing the Defendant employer within the provisions of section 12940 et seq. of the Government Code.

27.    During Plaintiff's employment, as alleged herein, Defendant was subjected to age harassment and ultimately fired because of his age and replaced by a younger worker.

28.    As a direct and proximate result of Defendants' unlawful conduct as alleged in this complaint, Plaintiff has suffered extreme and severe anguish, humiliation, anger, tension, anxiety, depression, lowered self-esteem, and emotional distress.

4

**COMPLAINT FOR DAMAGES**

29.     As a further direct and proximate result of the unlawful conduct, the Plaintiff has suffered and continues to suffer loss of income, loss of earning capacity, loss of job opportunity and other losses.

30.     Because Plaintiff was discriminated against in violation of the law, plaintiff is entitled to recover attorneys' fees and costs in this action pursuant to California Government Code section 12965(b).

31.     Because the acts taken toward Plaintiff were carried out by Defendants acting in a deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and damage plaintiff, Plaintiff requests the assessment of punitive damages against Defendants in an amount appropriate to punish and make an example of Defendants.

### THIRD CAUSE OF ACTION

(Retaliation)

(By Plaintiff Against All Defendants)

32.     Plaintiff hereby incorporates paragraphs 1 through 31, inclusive, as though fully set forth at this point.

33.     This action is brought pursuant to the California Fair Employment and Practices Act, section 12940(h) of the Government Code, which prohibits an employer from discharging, expelling or otherwise discriminating against any person because the person has opposed any practice forbidden under Government Code section 12940 et seq. and/or the corresponding regulations of the California Fair Employment and Housing Commission.

34.     At all times mentioned in this complaint, Defendants regularly employed at least five employees bringing the defendant employer within the provisions of section 12940 et seq. of the Government Code prohibiting employers or their agents from retaliating against an employee who opposes practices forbidden under the Fair Employment and Housing Act.

35.     As more fully set forth herein, plaintiff was subjected to harassment and discrimination while employed by the defendants.

36.     In retaliation for complaining about the illegal conduct, plaintiff was subjected to heightened scrutiny, unfairly reprimanded and criticized, subjected to undesirable work conditions

5

**COMPLAINT FOR DAMAGES**

1  and terminated.

2      37.    As a direct and proximate result of Defendants' unlawful conduct as alleged in this

3  complaint, plaintiff has suffered extreme and severe anguish, humiliation, nervousness, anger,

4  tension, anxiety, and emotional distress.

5      38.    As a further direct and proximate result of the unlawful conduct, plaintiff has suffered

6  and continues to suffer loss of income, loss of earning capacity, loss of job opportunity and other

7  losses.

8      39.    Because plaintiff was retaliated against in violation of the Fair Employment and

9  Housing Act, plaintiff is entitled to recover attorney's fees and costs in this action pursuant to

10  California Government Code section 12965(b).

11      40.    Because the acts taken toward plaintiff were carried out by Defendants acting in a

12  deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and damage

13  plaintiff, plaintiff requests the assessment of punitive damages against Defendants in an amount

14  appropriate to punish and make an example of Defendants.

15                              **FOURTH CAUSE OF ACTION**

16                    (Failure to Prevent Discrimination - Gov't Code § 12940(k))

17                              (By Plaintiff Against All Defendants)

18      41.    Plaintiff hereby incorporates paragraphs 1 through 40, inclusive, as though fully set

19  forth at this point.

20      42.    This action is brought pursuant to the California Fair Employment and Practices Act,

21  section 12940(k) of the Government Code, which prohibits an employer from failing to take all

22  reasonable steps necessary to prevent discrimination,  harassment and retaliation and the

23  corresponding regulations of the California Fair Employment and Housing Commission.

24      43.    At all times mentioned in this complaint, Defendants regularly employed at least five

25  employees bringing Defendant employer within the provisions of section 12900 et seq. of the

26  Government Code prohibiting employers or their agents from failing to take all reasonable steps

27  necessary to prevent discrimination, harassment and retaliation.

28      44.    Defendants failed to take all reasonable steps necessary to prevent discrimination and

                                          6
                              **COMPLAINT FOR DAMAGES**

1  harassment in that the employer failed to comply with Department of Fair Employment and Housing
2  laws and regulations, failed to offer discrimination and harassment training, failed to maintain an
3  effective complaint procedure, failed to adequately educate managers about discrimination and
4  harassment and failed to educate managers regarding proper responses to complaints.  Defendants
5  also failed to take all reasonable steps to prevent harassment and discrimination by not taking
6  adequate remedial action after becoming aware of ongoing discrimination and harassment.

7         45.     As a direct and proximate result of Defendants' unlawful conduct as alleged in this
8  complaint, Plaintiff has suffered extreme and severe anguish,  humiliation, anger, tension, anxiety,
9  depression, lowered self-esteem, sleeplessness and emotional distress.

10        46.     As a further direct and proximate result of the unlawful conduct, Plaintiff has suffered
11 and continues  to suffer loss of income, loss of earning capacity, loss of job opportunity and other
12 losses.

13        47.     Because the Defendants failed to prevent discrimination and harassment in violation
14 of the Fair Employment and Housing Act,  Plaintiff is entitled to recover attorneys' fees and costs
15 in this action pursuant to California Government Code section 12965(b).

16        48.     Because the acts taken toward Plaintiff were carried out by Defendants acting in a
17 deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and damage
18 plaintiff, Plaintiff requests the assessment of punitive damages against Defendants in an amount
19 appropriate to punish and make an example of Defendants.

20                              **FIFTH CAUSE OF ACTION**

21                 (Violation of California Family Rights Act - Gov't Code §12945.2)

22                          (By Plaintiff against All Defendants)

23        49.     Plaintiff hereby incorporates paragraphs 1 through 48, inclusive, as though fully set
24 forth at this point.

25        50.     This action is brought pursuant to the California Fair Employment and Practices Act,
26 section 12945.2 of the Government Code and/or the corresponding regulations of the California Fair
27 Employment and Housing Commission, which makes it an unlawful employment practice for an
28 employer to refuse to grant a request by any employee with more than 12 months of service with the

7

employer and who has at least 1,250 hours of service with the employer during the previous 12-month period, to take up to a total of 12 workweeks in any 12-month period for family care and medical leave. This section is deemed violated when an employer fails to return an employee to the same or comparable position at the end of the leave or if the employer discriminates against the employee for taking or asking for leave.

51. At all times mentioned in this complaint, plaintiff was an employee of defendant employers within the meaning of Government Code sections 12926, 12940 and 12945.2.

52. At all times relevant herein, Defendants were and are an "employer" under FEHA, regularly employing five or more employees, respectively, within the meaning of Government Code sections 12926 and 12940.

53. At all times relevant herein, Defendants, waived the requirement that a minimum number of employees must be employed within 75 miles for plaintiff to receive a medical leave under state and federal law.

54. Plaintiff was employed by defendants for at least twelve (12) total months prior to plaintiff's request for leave as alleged more fully herein.

55. Plaintiff gave defendants at least one thousand two hundred fifty (1,250) hours of service during the twelve (12) month period immediately preceding the request for or commencement of plaintiff's leave.

56. As is more fully set forth herein, plaintiff took leave for surgery. Defendants unlawfully discriminated and/or retaliated against plaintiff by terminating him, inter alia.

57. As a direct and proximate result of defendants' unlawful conduct as alleged in this complaint, plaintiff has suffered extreme and severe anguish, humiliation, nervousness, anger, tension, anxiety and emotional distress.

58. As a further direct and proximate result of the unlawful conduct, plaintiff has suffered and continues to suffer loss of income, loss of earning capacity, loss of job opportunity and other losses.

59. Because plaintiff was discriminated against in violation of the Fair Employment and Housing Act, plaintiff is entitled to recover attorneys' fees and costs in this action pursuant to

8

**COMPLAINT FOR DAMAGES**

1   California Government Code section 12965(b).

2        60.    Because the acts taken toward plaintiff were carried out by defendants acting in a

3   deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and

4   damage plaintiff, plaintiff requests the assessment of punitive damages against defendants in an

5   amount appropriate to punish and make an example of defendants.

6                                **SIXTH CAUSE OF ACTION**

7                                    (Breach of Contract)

8                              (By Plaintiff against All Defendants)

9        61.    Plaintiff hereby incorporates paragraphs 1 through 60 as though fully set forth at this

10  point.

11       62.    Defendant had given plaintiff a structured commission plan where he would be paid

12  money based on sales.  In 2020, plaintiff qualified for approximately $60,000 in commissions but

13  they were not paid to him.

14       63.    Defendants breached the agreement by not paying the plaintiff for the commissions

15  and/or breaching the implied covenant of good faith and fair dealing by preventing him from getting

16  the benefit of the agreement by terminating him before the commissions were normally paid out.

17       64.    As a direct result of these breaches, plaintiff has suffered economic damages.

18                               **SEVENTH CAUSE OF ACTION**

19                                   (Failure to Pay Wages)

20                              (By Plaintiff Against All Defendants)

21       65.    Plaintiff hereby incorporates paragraphs 1 through 64, inclusive, as though fully set

22  forth herein.

23       66.    Plaintiff was owed approximately $60,000 in commissions by the defendant.

24       67.    Defendant refused to pay plaintiff the wages owed to him.

25       68.    Plaintiff is entitled to the wages owed, interest and in addition he is entitled to wait

26  time penalties against Defendants, in an amount to be determined at trial according to proof, pursuant

27  to Labor Code section 203, which provides that an employee's wages shall continue as a penalty until

28  paid, for a period of up to thirty days from the time they were due.

9

**COMPLAINT FOR DAMAGES**

**EIGHTH CAUSE OF ACTION**

(Wrongful Termination)

(By Plaintiff Against All Defendants)

69.     Plaintiff hereby incorporates by reference paragraphs 1 through 68, inclusive, as though fully set forth at this point.

70.     Plaintiff alleges that the discharge was wrongful because it was in violation of the public policy of the State of California as set forth in California Government Code section 12940 et seq., the administrative regulations of the Fair Employment and Housing Act and Article 1, section 8 of the Constitution of the State of California, as set forth more fully herein.

71.     As a direct and proximate result of Defendants' unlawful conduct as alleged in this complaint, Plaintiff has suffered extreme and severe anguish, humiliation, anger, tension, anxiety, depression, lowered self-esteem, sleeplessness and emotional distress.

72.     As a further direct and proximate result of the unlawful conduct, Plaintiff has suffered and continues to suffer loss of income, loss of earning capacity, loss of job opportunity and other losses.

73.     Because the acts taken toward Plaintiff were carried out by Defendants acting in a deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and damage plaintiff, Plaintiff requests the assessment of punitive damages against Defendants in an amount appropriate to punish and make an example of Defendants.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

**As to the First, Second, Third, Fourth, and Fifth Causes of Action:**

1.      For general and compensatory damages;

2.      For special damages according to proof;

3.      For punitive damages;

4.      For prejudgment interest on all amounts claimed that are readily ascertainable;

5.      For costs and attorneys' fees pursuant to Government Code section 12965(b); and

6.      For such other and further relief that the court considers proper.

10

**COMPLAINT FOR DAMAGES**

**As to the Sixth Cause of Action:**

    1.     For breach of contract damages including economic loss;

    2.     For prejudgment interest on all amounts claimed that are readily ascertainable;

    3.     For costs and such other and further relief that the court considers proper.

**As to the Seventh Cause of Action:**

    1.     All unpaid wages;

    2.     For prejudgment interest on all amounts claimed;

    3.     For a Labor Code section 203 penalty equal to 30 days of wages;

    4.     For attorneys' fees and costs pursuant to Labor Code sections 218.5; and

    5.     For such other and further relief that the court considers proper.

**As to the Eighth Cause of Action:**

    1.     For general and compensatory damages;

    2.     For special damages according to proof;

    3.     For punitive damages;

    4.     For prejudgment interest on all amounts claimed that are readily ascertainable;

    5.     For costs; and

    6.     For such other and further relief that the court considers proper.

STEVENS & McMILLAN

Dated: November 10, 2021        By: _____

DANIEL P. STEVENS
Attorney for Plaintiff
MICHAEL GOSZ

11

**COMPLAINT FOR DAMAGES**

Electronically Filed by Superior Court of California, County of Orange, 11/10/2021 05:16:47 PM.
30-2021-01231132-CU-OE-CJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By Katie Trent, Deputy Clerk.

|  |  |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Daniel P. Stevens (SBN 164277)<br>Stevens & McMillan<br>335 Centennial Way, Tustin, CA 92780<br><br>TELEPHONE NO.: (714) 730-1000    FAX NO. *(Optional):* (714) 730-1067<br>ATTORNEY FOR *(Name):* Plaintiff MICHAEL GOSZ | **FOR COURT USE ONLY** |

**CM-010**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, California 92701
BRANCH NAME: Central Justice Center

CASE NAME:
MICHAEL GOSZ v. RHEEM SALES COMPANY, INC., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER |
|---|---|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $25,000) | [ ] **Limited** (Amount demanded is $25,000) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | 30-2021-01231132-CU-OE-CJC |
| | | | JUDGE:<br>DEPT.: | Judge Lon F. Hurwitz |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Fraud (16) | [ ] Residential (32) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Other petition *(not specified above)* (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [x] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is   [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* Three (3)
5. This case [ ] is   [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: November 10, 2021

Daniel P. Stevens
_____
(TYPE OR PRINT NAME)                     ▶      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any   court   staff responsible for providing parties with assistance regarding  ADR.

(3) Information about the availability of local dispute resolution   programs   funded under the Dispute Resolutions Program Act   (DRPA),   in   counties   that   are participating in the DRPA. This information may take the form of a list of   the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its website as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

ADR Information

Introduction.

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

BENEFITS OF ADR.

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

Save Time. A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

Save Money. When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

Increase Control Over the Process and the Outcome. In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

Preserve Relationships. ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

Increase Satisfaction. In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

Improve Attorney-Client Relationships. Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

DISADVANTAGES OF ADR.

ADR may not be suitable for every dispute.

Loss of protections. If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

L1200 Rev. Dec. 2019                                                                                           Page 2 of 4

Less discovery. There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

Additional costs. The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Effect of delays if the dispute is not resolved. Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

Arbitration. In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

Cases for Which Arbitration May Be Appropriate. Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

Cases for Which Arbitration May Not Be Appropriate. If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

Mediation. In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

Cases for Which Mediation May Be Appropriate. Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

Cases for Which Mediation May Not Be Appropriate. Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

Neutral Evaluation. In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

Cases for Which Neutral Evaluation May Be Appropriate. Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

Cases for Which Neutral Evaluation May Not Be Appropriate. Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

Settlement Conferences. Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, at 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the telephone directories under "Arbitrators" or "Mediators"

Low cost mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA). For information regarding DRPA, contact:
- OC Human Relations (714) 480-6575, mediator@ochumanrelations.org
- Waymakers (949) 250-4058

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY:      STATE BAR NO.:<br>NAME:<br>FIRM NAME:<br>STREET ADDRESS:<br>CITY:                          STATE:        ZIP CODE:<br>TELEPHONE NO.:                 FAX NO.:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (name): | FOR COURT USE ONLY<br><br>For your protection and privacy, please press the Clear This Form button after you are done printing this form. |
| --- | --- |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
JUSTICE CENTER:
☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500
☐ West – 8141 13ᵗʰ Street, Westminster, CA 92683-4593

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION | CASE NUMBER: |
| --- | --- |

Plaintiff(s)/Petitioner(s), _____

_____

and  defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
     ☐ Under section 1141.11 of the Code of Civil Procedure
     ☐ Under section 1280 of the Code of Civil Procedure

☐ Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐ I have an Order on Court Fee Waiver (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court, rule 3.720 et seq.

Date:_____     _____     _____
                          (SIGNATURE OF PLAINTIFF OR ATTORNEY)    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date:_____     _____     _____
                          (SIGNATURE OF DEFENDANT OR ATTORNEY)   (SIGNATURE OF DEFENDANT OR ATTORNEY)

ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>STREET ADDRESS: 700 W. Civic Center DRIVE<br>MAILING ADDRESS: 700 W. Civic Center Drive<br>CITY AND ZIP CODE: Santa Ana 92701<br>BRANCH NAME:  Central Justice Center | FOR COURT USE ONLY<br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE |
|---|---|
| PLAINTIFF: Michael Gosz | **Nov 12, 2021** |
| DEFENDANT: Rheem Sales Company, Inc. et.al. | Clerk of the Court<br>By: Katie Trent, Deputy |
| Short Title: GOSZ VS. RHEEM SALES COMPANY, INC. | |

| **NOTICE OF HEARING**<br>**CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>30-2021-01231132-CU-OE-CJC |
|---|---|

Please take notice that a(n), <u>Case Management Conference</u> has been scheduled for hearing on <u>04/12/2022</u> at <u>09:00:00 AM</u> in Department <u>C20</u> of this court, located at <u>Central Justice Center</u>.

**Plaintiff(s)/Petitioner(s) to provide notice to all defendant(s)/respondent(s). Parties who file pleadings that add new parties to the proceeding must provide notice of the Case Management Conference to the newly added parties.**

**IMPORTANT:** Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.
Civil Matters - https://www.occourts.org/media-relations/civil.html
Probate/Mental Health - https://www.occourts.org/media-relations/probate-mental-health.html

**IMPORTANTE:** Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas.
Casos Civiles - https://www.occourts.org/media-relations/civil.html
Casos de Probate y Salud Mental - https://www.occourts.org/media-relations/probate-mental-health.html

**QUAN TRỌNG:** Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.
Vấn Đề Dân Sự - https://www.occourts.org/media-relations/civil.html
Thủ Tục Di Chúc/Sức Khỏe Tinh Thần - https://www.occourts.org/media-relations/probate-mental-health.html

Clerk of the Court, By: _Katie Trent_____ , Deputy

**NOTICE OF HEARING**

Page: 1

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Central Justice Center
700 W. Civic Center DRIVE
Santa Ana 92701

**SHORT TITLE:** GOSZ VS. RHEEM SALES COMPANY, INC.

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER:<br>30-2021-01231132-CU-OE-CJC |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above Notice of Hearing has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at Santa Ana, California, on 11/12/2021. Following standard court practice the mailing will occur at Sacramento, California on 11/15/2021.

Clerk of the Court, by: _Katie Trent_ , Deputy

STEVENS & MCMILLAN
335 CENTENNIAL WAY
TUSTIN, CA 92780

V3 1013a (June 2004)                                                    Code of Civil Procedure , § CCP1013(a)



# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ORANGE

**Superior Court of California, County of Orange**

700 W. Civic Center Drive
Santa Ana, CA 92702

**E-Filing Transaction #:** 41263268

### PAYMENT RECEIPT

**Receipt #:** 12798173

| | | | | |
|---|---|---|---|---|
| **Clerk ID:** ktrent | **Transaction No:** 12970254 | **Transaction Date:** 11/12/2021 | **Transaction Time:** 04:20:03 PM |

| Case Number | Fee Type | Qty | Fee Amount$ | Balance Due | Amount Paid | Remaining Balance |
|---|---|---|---|---|---|---|
| 30-2021-01231132-CU-OE-CJC | 194 - Complaint or other 1st paper | 1 | $435.00 | $435.00 | $435.00 | $0.00 |
| | | | | Sales Tax: | $0.00 | |
| | | | | **Total:** | **$435.00** | **Total Rem. Bal:** |
| E-Filing : - OneLegal | | | | | | |

E-Filing: $435.00

Total Amount Tendered: $435.00

Change Due: **$0.00**

Balance: **$0.00**

A $45 fee may be charged for each returned check, electronic funds transfer or credit card payment.

# COPY

Electronically Filed by Superior Court of California, County of Orange, 12/21/2021 01:41:00 PM.
30-2021-01231132-CU-OE-CJC - ROA # 9 - DAVID H. YAMASAKI, Clerk of the Court By efilinguser, Deputy Clerk.
ID #:80

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Heather McMillan, 188939<br>Stevens & McMillan<br>335 Centennial Way, Suite<br>Tustin, CA 92780<br>TELEPHONE NO.: (714)730-1000<br>ATTORNEY FOR *(Name):* Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

Superior Court of California, Orange County

700 Civic Center Drive West

Santa Ana, CA 92702-1994

| PLAINTIFF/PETITIONER: Michael Gosz | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Rheem Sales Company, Inc., et al. | 30-2021-01231132-CU-OE-CJC |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>GOSZ |
|---|---|

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of:

Summons, Complaint, Civil Case Cover Sheet, Alternative Dispute Resolution (ADR) Information Package, Notice of Hearing

3. a. Party served: RHEEM MANUFACTURING COMPANY

   b. Person Served: CSC - Nicole Stauss - Person Authorized to Accept Service of Process

4. Address where the party was served: 2710 Gateway Oaks Drive, Suite 150N
   Sacramento, CA 95833
5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) on (date): 12/16/2021         (2) at (time): 1:35PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

   RHEEM MANUFACTURING COMPANY
   under: CCP 416.10 (corporation)
7. **Person who served papers**
   a. Name:         Tyler Anthony DiMaria
   b. Address:      One Legal - P-000618-Sonoma
                    1400 North McDowell Blvd, Ste 300
                    Petaluma, CA 94954

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 40.00
   e I am:
      (3) registered California process server.
          (i) Employee or independent contractor.
          (ii) Registration No.: 2006-06
          (iii) County: Sacramento
8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: 12/16/2021

Tyler Anthony DiMaria

| (NAME OF PERSON WHO SERVED PAPERS) | (SIGNATURE) |
|---|---|

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

OL# 17381473

Electronically Filed by Superior Court of California, County of Orange, 12/21/2021 01:41:00 PM.
30-2021-01231132-CU-OE-CJC - ROA # 1 - DAVID H. YAMASAKI, Clerk of the Court By ellinguser, Deputy Clerk.
ID #:81

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Heather McMillan, 188939<br>Stevens & McMillan<br>335 Centennial Way, Suite<br>Tustin, CA 92780<br>TELEPHONE NO.: (714)730-1000<br>ATTORNEY FOR *(Name):* Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

Superior Court of California, Orange County

700 Civic Center Drive West

Santa Ana, CA 92702-1994

| PLAINTIFF/PETITIONER: Michael Gosz | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Rheem Sales Company, Inc., et al. | 30-2021-01231132-CU-OE-CJC |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>GOSZ |
|---|---|

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of:

Summons, Complaint, Civil Case Cover Sheet, Alternative Dispute Resolution (ADR) Information Package, Notice of Hearing

3. a. Party served:  RHEEM SALES COMPANY, INC.

    b. Person Served: CSC - Nicole Stauss - Person Authorized to Accept Service of Process

4. Address where the party was served: 2710 Gateway Oaks Drive, Suite 150N
                                   Sacramento, CA 95833
5. I served the party
    a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
       receive service of process for the party (1) on (date): 12/16/2021       (2) at  (time): 1:35PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

    d. on behalf of:

    RHEEM SALES COMPANY, INC.
    under: CCP 416.10 (corporation)
7. **Person who served papers**
    a. Name:       Tyler Anthony DiMaria
    b. Address:   One Legal - P-000618-Sonoma
              1400 North McDowell Blvd, Ste 300
              Petaluma, CA 94954

    c. Telephone number: 415-491-0606
    d. The fee for service was: $ 40.00
    e I am:
        (3)  registered California process server.
          (i)  Employee or independent contractor.
          (ii)  Registration No.: 2006-06
          (iii) County:  Sacramento
8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: 12/16/2021

Tyler Anthony DiMaria

| (NAME OF PERSON WHO SERVED PAPERS) | (SIGNATURE) |
|---|---|

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

OL# 17381472